UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALPHONSO DADDINO, and JOHN BRENNAN,

                               Plaintiffs,

                -against-

CECILIA SANOSSIAN, CLIFFORD ODELL, BILL
HEIDENREICH, in their official and individual capacities,
and VALLEY STREAM CENTRAL HIGH SCHOOL
DISTRICT,

                               Defendants.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-6638 (JMA) (ARL)

FILED
CLERK
10:22 am, Mar 31, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

       Currently pending before the Court are two summary judgment motions. One summary judgment motion was filed by Defendants Valley Stream Central High School District ("the District"), Clifford Odell, and Bill Heidenreich (collectively, the "District Defendants"). The other summary judgment motion was filed by Defendant Cecilia Sanossian. The motions were both referred to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation. After Judge Tomlinson's untimely passing, the case was transferred to Magistrate Judge Arlene R. Lindsay. On February 25, 2022, Judge Lindsay issued a Report and Recommendation (the "R&R"), which recommended that Sanossian's motion be denied and the District Defendants' motion be granted in part and denied in part. Both Sanossian and the District Defendants filed objections. For the reasons stated below, those objections are overruled and the Court defers ruling on the parties' arguments concerning whether Plaintiffs complied with New York Education Law § 3813(1) for purposes of their New York State Human Rights Law claims.

       In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL

1

3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court adopts the aspects of the R&R to which no objections have been raised, finding that those aspects of the R&R contain no clear error.

With respect to Defendants' objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. For the reasons stated below, those objections are overruled and the Court defers ruling on the parties' arguments concerning New York Education Law § 3813(1). Except as noted otherwise below, the Court adopts the R&R's discussion and analysis of the issues raised in the parties' objections.

The District Defendants assert that the hostile work environment claims under Title VII, § 1983, and the NYSHRL should be dismissed, arguing that: (1) Sanossian's conduct was not severe or pervasive; and (2) Sanossian's conduct was not sexual in nature; (3) Sanossian made similar inappropriate comments to women and "touched women in the same ways she touched men"; and (4) the areas of Plaintiffs' bodies touched by Sanossian "do not give rise to the inference that she touched them because of their sexual significance." Sanossian raises similar objections concerning the hostile work environment clams against her. These objections are overruled.

Sanossian argues that the R&R erred because it analyzed the § 1983 hostile work environment claim against her under the same standards applicable to the Title VII hostile work environment claims. As Sanossian points out, the causation standard for § 1983 claims is different than the causation standard for Title VII claims. However, a reasonable jury could find for

Plaintiffs on their hostile work environment claims even under the "but-for" causation standard applicable to their Section 1983 claims. Accordingly, Sanossian's objection is overruled.

Sanossian's objections concerning the § 1983 retaliation claim against her, including her objection concerning qualified immunity for the § 1983 claim, are overruled.

Odell and Heidenreich argue that the § 1983 claims against them should be dismissed because the R&R "does not address the lack of personal involvement, through a supervisory liability theory" and that, at the very least, they were entitled to qualified immunity. This objection is overruled. However, the Court notes that Odell and Heidenreich did not cite, in their objections or their summary judgment briefing, the Second Circuit's decision in Tangreti v. Bachmann, 983 F.3d 609 (2d Cir. 2020). In Tangreti, the Second Circuit held that, after Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), there are no special rules for supervisory liability and, thus, overruled the special tests for supervisory liability set out in Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995). As neither party has cited Tangreti or addressed its impact on the claims in this case, the Court declines to address Tangreti in the context of Defendants' objections.[1] The parties will have an opportunity to address the impact of Tangreti prior to trial.

Finally, the District Defendants object to the R&R's determination that Plaintiffs satisfied the requirements of N.Y. Edu. Law § 3813(1) based on their internal harassment complaints and NYSDHR and EEOC complaints. The District Defendants' objection cites, for the first time, to Carter v. Syracuse City Sch. Dist., 850 F. App'x 22 (2d Cir. 2021), a summary order which held that the plaintiff did not satisfy § 3813(1) by mailing a notice of claim to the District's

---

[1] While Odell and Heidenreich asserted raised some arguments based on Iqbal and certain post-Iqbal decisions from the Second Circuit, these defendants did not challenge the post-Iqbal viability of Colon's five avenues for establishing supervisory liability or even argue that qualified immunity precluded application of Colon's special tests for supervisory liability. In fact, Defendants' briefing explicitly cited the special rules for supervisory liability set out in Colon and assumed they remained good law.

3

Superintendent.  The panel in Carter explained that this was insufficient because the plaintiff was required to serve the notice of claim on the Board itself or on "the official it designated to receive service," and noted that the school district's "Clerk" had been designated to "[r]eceive subpoenas and claims against the School District."  While Carter was decided five days before the filing of Defendants' reply brief, Defendants' reply brief did not cite it and neither party brought Carter to the attention of Magistrate Judges Tomlinson and Lindsay while the summary judgment motions were pending before them.

In response to Carter and Defendants' objections, Plaintiffs raise a number of new arguments, including an argument that the District's Compliance Officer for harassment complaints is analogous to the agent designated to receive service who was referenced in Carter. Plaintiffs also assert that—since their Title VII and § 1983 hostile work environment claims are already proceeding to trial and the proper interpretation and application of § 3813(1) is allegedly unsettled—the Court should, in the interests of judicial economy, simply give a special interrogatory on the NYSHRL claims at issue.

The Court defers ruling on the parties' arguments concerning § 3813(1) until after the Court addresses the viability of the § 1983 claims against Odell and Heidenreich—the only other claims for which Odell and Heidenreich may be held individually liable.

4

In conclusion, except for the Court's decision to defer ruling on the § 3813(1) issue, the Court overrules Defendants' objections and adopts the R&R. Accordingly, as set forth above, Sanossian's motion for summary judgment is denied and the District Defendants' motion for summary judgment is granted in part and denied in part.

**SO ORDERED.**

Dated: March 31, 2022
      Central Islip, New York

                                                          /s/  (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE